## Curtis *v.* Soisson, Appellant.

*Mines and mining—Mining coal on another's land—Treble dam- ages—Evidence.*

A verdict for treble damages for mining coal on the land of an- other cannot be sustained, where the only witness offered by the plaintiff to show that the improper mining was knowingly done, was a person without engineering knowledge of the dividing line, who fixed no time for the alleged intrusion, and based his opinion on a mere guess.

Argued April 17, 1916.    Appeal, No. 104, April T., 1916, by defendant, from judgment of C. P. Fayette Co., Sept. T., 1914, No. 355, on verdict for plaintiff in case of Frank Curtis v. W. F. Soisson, doing business as Lang Coal and Sand Company.    Before ORLADY, P. J., PORTER,

HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for the illegal mining of coal. Before VAN SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $505.33 which included treble damages for the coal mined.

*Error assigned* was in submitting the question of treble damages to the jury.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellant.

*D. M. Hertzog,* with him *A. E. Jones,* for appellee.

OPINION BY ORLADY, P. J., October 9, 1916:

The question involved, as submitted by the defendant is, "A verdict for treble damages for coal mined from land not belonging to the defendant, cannot be sustained when the evidence is insufficient to show that such coal was knowingly taken." To support this proposition was the defendant's principal contention on the trial, and it was submitted to the jury to ascertain the controlling facts from the conflicting evidence, in the following manner: "Before you require the defendant to pay three times the value of the coal, you should be satisfied by a fair preponderance of the evidence in the case, that the defendant did take the coal knowingly, that is, knowing it to have been the coal of the plaintiff. If you are satisfied by a fair preponderance of evidence, after going over all the testimony in the case, that the defendant, or the men who were working for him, and for whom he would be responsible, knew when this coal was taken, that it belonged to the plaintiff, and not to the defendant, then you should return a verdict for the plaintiff, in

three times the value of the coal so taken." While this was a fair submission of the case to the jury, an examination of the record does not disclose any sufficient evidence to warrant the verdict. There was no dispute about mining over the plaintiff's line, nor the quantity of coal taken—the defense was, that it was inadvertently and not knowingly done. The testimony clearly shows that when the defendant's engineer advised his employer that the workmen had slightly encroached on the plaintiff's coal in two places, the work in that direction was discontinued.

The verdict of treble damages is made to depend on the testimony of an employee, and it is so meagre and uncertain that it is unsafe to rely upon it. He did not have any engineering knowledge of the dividing line; no time was fixed for the alleged intrusion into the plaintiff's coal; the source of the water which came into the mine, on which he based his belief that he was working over the Curtis land, could only be guessed at, as the overlying surface was practically level.

The Act of May 8, 1876, P. L. 142, upon which this action is founded, was intended to protect the owners of land in the enjoyment of their property by declaring that the removal of "coal, iron or other minerals knowing the same to be upon the lands of another person or corporation, without the consent of the owner" to be a misdemeanor, and, in addition, the person so offending, "shall be further liable to pay to such owner, double the value of the coal, or in case of conversion to the use of the offender, treble the value thereof."

The Act of March 29, 1824, P. L. 152, in regard to the cutting of timber, provided like damages, and inasmuch as it is more difficult to determine the boundaries beneath the soil than above it, the Act of 1876 provides that the trespass shall be knowingly done: See Ruttledge v. Kress, 17 Pa. Superior Ct. 490. As stated in Hendler v. Lehigh Valley R. R. Co., 209 Pa. 263, the statutory trespass which incurs the punitive damages is

the mining and digging of the minerals "knowing the same to be on the lands of another."

The proof that would be necessary to convict of a misdemeanor under the first part of the section, is a question that does not now arise, and we intimate no opinion thereon, but from the very obscure testimony as to the wilful trespass by the defendant, we feel that a new trial should have been granted as the record was then presented.

The verdict returned by the jury shows the manner in which they determined the amount—$166, as damages by reason of surface subsidence, injury to crops, etc., and $339.33, treble damages for the coal removed. To avoid the expense of another trial, if the plaintiff, within thirty days after filing this opinion, remits all in excess of the sum of $279.11, the judgment is affirmed,—if not, the judgment is reversed and venire facias de novo awarded.